**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT BUTTLER,<br>                Appellant, | DOCKET NUMBER<br>CH-1221-25-0151-W-1 |
|                 v. | |
| NATIONAL AERONAUTICS AND<br>    SPACE ADMINISTRATION,<br>                Agency. | DATE: April 23, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Matthew Ricci, Esquire, Latham, New York, for the appellant.

Jeremy Allen, Esquire, Albany, New York, for the appellant.

Benjamin Gavel, Esquire, and Kendall Ann Grodek, Esquire,
    Cleveland, Ohio, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. On petition for review, he argues that the initial decision was not in accordance with

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim that his opposition to the agency's change in its leave without pay (LWOP) approval practice disclosed gross mismanagement, we AFFIRM the initial decision.

The appellant was a GS-0856-12 Electronics Technician with more than 40 years of Federal service. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 81. Before August 2022, he routinely requested and was granted LWOP for personal reasons. IAF, Tab 1 at 19. In August 2022, Chief of Technical Resources Management Tony Doglio, his third-level supervisor, informed him that the agency would no longer allow him to utilize LWOP for personal reasons. *Id.*; Tab 6 at 66. The appellant disclosed his opposition to this change to Doglio in August 2022. IAF, Tab 4 at 5. Because of the change in practice, the appellant announced on August 22, 2022, that he planned to retire on December 31, 2022. IAF, Tab 1 at 19. On December 6, 2022, the appellant met with Doglio, and Doglio requested that he cancel his planned retirement. *Id.* The appellant agreed to cancel his retirement under the belief that his LWOP requests would then be approved. *Id.*

In January 2023, the appellant requested advanced annual leave from January 23 through February 28, 2023, to use all 208 hours of annual leave that he would accrue during that year. IAF, Tab 6 at 93. He made this request to Branch Chief Michelle Doehne, his second-level supervisor, because his first-level supervisor had recently retired. *Id.* at 55-56; IAF, Tab 1 at 30. Doehne asked the appellant if he planned to use any other type of leave before the end of 2023. IAF, Tab 1 at 30. When he answered "yes," she denied the leave request. *Id.* The appellant asserted that she then stated that she would approve the leave request if he agreed to retire. *Id.* He accepted this condition and retired on June 30, 2023. *Id.*; IAF, Tab 6 at 81.

On August 19, 2024, the appellant filed a complaint with the U.S. Office of Special Counsel (OSC), alleging violations of 5 U.S.C. § 2302(b)(1) and (b)(8). IAF, Tab 1 at 28-34. On October 23, 2024, OSC informed him of his right to file an IRA appeal with the Board on his 5 U.S.C. § 2302(b)(8)-(9) claims that that his January 2023 annual leave request was denied because he expressed opposition to Doehne in August 2022 about the change in the LWOP approval practice.[2] *Id.* at 23; IAF, Tab 4 at 5. The appellant filed his initial appeal with the Board on December 26, 2024. IAF, Tab 1 at 1. On April 17, 2025, the administrative judge issued an initial decision, finding that he did not nonfrivolously allege that he made a protected disclosure or engaged in protected activities. IAF, Tab 17, Initial Decision (ID) at 1-9. The appellant filed his petition for review on May 22, 2025. Petition for Review (PFR) File, Tab 1 at 1.

The appellant alleges on review that the administrative judge's decision was "an abuse of discretion," was "not in accordance with the law," and was "unsupported by substantial evidence."[3] *Id.* at 11. Specifically, he argues that

---

[2] The appellant appears to have amended his OSC complaint to also include a 5 U.S.C. § 2302(b)(9) claim. However, that amendment is not in the record.

[3] "Unsupported by substantial evidence" is one of the standards used by the U.S. Court of Appeals for the Federal Circuit to review the Board's decisions. *See Frederick v.*

"[a]t the jurisdictional stage, it is not necessary for the Appellant to establish that his disclosure passes the reasonable belief test; rather, he need only to [sic] make a nonfrivolous allegation that his disclosure was protected." *Id.* at 12 (citing *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001)).

To the extent that the appellant argues that he need not address the reasonable belief test at the jurisdictional stage, he is incorrect. Although the Court of Appeals for the Federal Circuit (Federal Circuit) did state in *Yunus* that an appellant in an IRA appeal must make a nonfrivolous allegation that he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), the court did not state that an appellant does not need to satisfy the reasonable belief test to meet that standard. *Yunus*, 242 F.3d at 1371. Indeed, the court referenced Dr. Yunus's assertion that he reasonably believed that his disclosure evidenced a violation of law, rule, or regulation. *Id.* at 1372. At the jurisdictional stage, the appellant must make a nonfrivolous allegation that he reasonably believed that his disclosure evidenced a violation of one of the circumstances described in 5 U.S.C. § 2302(b)(8)(A).[4] *See Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 7 (2012).

The appellant asserted that in early August 2022 he disclosed to Doglio "that he was opposing the efforts by the Agency to cease past practices related to his leave approvals as authorized pursuant to Chapter 3, Section 3.15 of the NASA Procedural Requirements." IAF, Tab 4 at 5. In other words, he disagreed with the agency's intention to deny his future LWOP requests because such

---

*Department of Justice*, 73 F.3d 349, 351 (Fed. Cir. 1996) (citing 5 U.S.C. § 7703(c)). As discussed above, the Board reviews petitions for review under the criteria listed in 5 C.F.R. § 1201.115.

[4] The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8)(A). *Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 7 (2012).

requests had previously been granted. The administrative judge noted that the appellant did not assert that he made any LWOP requests pursuant to the Family and Medical Leave Act of 1993 (FMLA) or any other law, rule, or regulation that may require the agency to grant such requests. ID at 7 n.1.

The administrative judge first found that the appellant did not explain how Doglio's statement that his use of LWOP needed to end constituted an abuse of authority. ID at 7. The Board has historically defined an abuse of authority as an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or to other preferred persons. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013). However, in *Smolinksi v. Merit Systems Protection Board*, 23 F.4th 1345, 1351-52 (Fed. Cir. 2022), the Federal Circuit defined an abuse of authority more broadly as an arbitrary and capricious exercise of authority that is contrary to the agency's mission.

The administrative judge concluded that the appellant did not nonfrivolously allege that a reasonable person with the knowledge of the essential facts known to and readily ascertainable by him could conclude that Doglio's statement was an abuse of authority. ID at 8. First, the administrative judge recognized the appellant's acknowledgement that the approval of LWOP is discretionary. ID at 7 (citing IAF, Tab 4 at 9). Second, the administrative judge concluded that the appellant did not explain how the agency's prior approvals of his LWOP requests created an entitlement to future LWOP approval or otherwise limited the agency's discretion to deny future LWOP requests. *Id.* Third, the administrative judge noted that the appellant did not explain how Doglio's statement that future LWOP requests would be denied was "arbitrary and capricious." *Id.*

The administrative judge also addressed the appellant's claim that he disclosed a violation of law, rule, or regulation. ID at 8. Although he cited NASA Procedural Requirements 3600.1C, the administrative judge noted the

appellant's understanding that this policy states that approval of LWOP is a matter of supervisory discretion and should only be approved when it is in the best interest of the agency. *Id.* (citing IAF, Tab 4 at 9); IAF, Tab 6 at 116. The administrative judge concluded that the appellant did not offer evidence or allegations that his request for LWOP for additional vacations was in the best interest of the agency. ID at 8. Based on these reasons, the administrative judge found that he did not nonfrivolously allege that he made a protected disclosure under section 2302(b)(8). *Id.* We discern no reason to disturb these findings.

The appellant asserts on review that he had a reasonable belief that the agency's change in its LWOP approval practice was an abuse of discretion and violation of policy because he had already been approved for 124 hours of LWOP in 2022 at the time the practice was changed. PFR File, Tab 1 at 13. He did not make this argument below. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not demonstrated that this argument is based on new and material evidence not previously available.

Assuming arguendo that he had, this argument is still unconvincing. Under NASA Procedural Requirements 3600.1C, Section 3.15.4, "[i]n most cases, the authorization of LWOP is a matter of supervisory discretion." IAF, Tab 6 at 116. The appellant has not alleged that his LWOP requests were made pursuant to a law, rule, or regulation that required them to be granted, such as the FMLA. Indeed, the record evidence suggests the purpose of the LWOP requests was for him to have additional vacation time. IAF, Tab 1 at 29.

We cannot find that the appellant had a reasonable belief that his opposition to the agency's change in LWOP approval practice disclosed an abuse of authority or a violation of law, rule, or regulation. The agency's previous generosity in granting him LWOP for personal reasons was not sufficient to

create a reasonable belief that he had an entitlement to future LWOP approval or that the agency was otherwise limited in its discretion to deny future LWOP requests. *See Sambrano v. Department of Defense*, 116 M.S.P.R. 449, ¶ 4 (stating that it is well-settled that the authorization of LWOP is within the agency's discretion), *review dismissed*, 461 F. App'x 929 (Fed. Cir. 2011).

The appellant also alleged below that his disclosure evidenced gross mismanagement, another one of the categories in 5 U.S.C. § 2302(b)(8)(A). IAF, Tab 1 at 21. The initial decision did not address this assertion, and OSC's closeout letter did not mention a claim of gross mismanagement. IAF, Tab 1 at 23-24. Nonetheless, the Board does not require, as a basis for its jurisdiction, that an appellant in an IRA appeal correctly label a category of wrongdoing under the Whistleblower Protection Act. *Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶ 16 n.* (2007).

Gross mismanagement is defined as management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. *Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996). The appellant had been using LWOP for additional vacation time. IAF, Tab 1 at 29. The agency determined that granting additional unpaid vacation time to him was no longer permitted. *Id.* One cannot reasonably argue that an agency's refusal to grant unpaid vacation time to an employee who has already exhausted his annual leave for the year creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. *See Embree*, 70 M.S.P.R. at 85. Therefore, we modify the initial decision to find that the appellant did not nonfrivolously allege that his opposition to the change in the agency's LWOP approval practice disclosed gross mismanagement.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2);  *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.